# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

CHARLES RANDALL            :
                                    :
          v.                      :       C.A. No. 14-383ML
                                    :
JOHN C. KROLLMAN, et. al.      :

## REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL

Lincoln D. Almond, United States Magistrate Judge

On August 28, 2014, Charles Randall filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1). Petitioner also filed an Application to Proceed Without Prepayment of Fees and Affidavit. (Document No. 2). The Petition was referred to me for review. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons discussed below, I recommend that Randall's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED because he has failed to exhaust his state remedies and that his Application to Proceed Without Prepayment of Fees and Affidavit (Document No. 2) be DENIED as moot.

### Discussion

Randall is a prolific filer in this Court. The present filing is his fourth Petition brought pursuant to 28 U.S.C. § 2254. His previous three filings, <u>Randall v. Wall</u>, Case No. 1:10-cv-00052-ML (D.R.I. Feb. 5, 2010); <u>Randall v. Wall</u>, Case No. 1:12-cv-00489-ML (D.R.I. July 3, 2012) and <u>Randall v. Wall</u>, Case No. 1:13-cv-00652-ML (D.R.I. Sept. 24, 2013) were all dismissed as

unexhausted. Petitioner also asserted a variety of claims under 42 U.S.C. § 1983 in <u>Randall v. Krollman</u>, Case No. 1:13-cv-00717-ML (D.R.I. October 28, 2013). The District Court Ordered that the claims brought pursuant to 42 U.S.C. § 1983 be dismissed and that case was closed on June 3, 2014. Since the dismissal of Case No. 1:13-cv-00717-ML, Petitioner has attempted on several occasions to file an "amended" complaint, each of which was rejected prior to being docketed.

In the present Petition, it appears that Randall is once again seeking to rehash the issues he set forth in Case No. 1:13-cv-00717-ML, but has asserted that the case is a habeas petition under 28 U.S.C. § 2254 rather than a civil action pursuant to 42 U.S.C. § 1983. This new case fails to state any comprehensible, plausible or viable claims under 28 U.S.C. § 2254, or suggest the exhaustion of all available state court remedies. Further, a claim under 28 U.S.C. § 2254 must be brought against the state agent holding the petitioner in custody and is limited to a direct challenge of the lawfulness of incarceration. While Randall sues Director Wall and alleges unlawful incarceration, he also inappropriately names numerous other officials in his habeas petition including judges, prosecutors, defense counsel and correctional officers and inappropriately seeks relief (money damages and injunctive relief) not available under 28 U.S.C. § 2254.

Accordingly, this Court is recommending that Randall's Petition be dismissed <u>sua sponte</u> pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. In making this recommendation, this Court has taken all of the allegations in Randall's Petition as true and has drawn all reasonable inferences in his favor. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a <u>pro se</u> litigant. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972). However, even

applying these liberal standards of review, Randall's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE because it is unexhausted. I further recommend that the Application to Proceed Without Prepayment of Fees and Affidavit (Document No. 2) be DENIED as MOOT.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 4, 2014